**Mario CARREON–MARTINEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–70536.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Field Aug. 17, 2009.

NVL-District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Dalin Holyoak, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Mario Carreon-Martinez, Reno, NV, pro se.

Before KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Mario Carreon–Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Carreon–Martinez's motion to reopen for failure to establish exceptional circumstances because he did not satisfy the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not "obvious and undisputed on the face of the record." *See Reyes,* 358 F.3d at 597.

We lack jurisdiction to review Carreon–Martinez's contention regarding the transcript of proceedings because he did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are procedural in nature must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.